EDWARD G. SCHLOSS CA Bar No. 102858
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
(310) 733-4488
B23506/lk

Attorneys for Secured Creditor
CLAREMONT 1ST STREET INVESTORS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re ) Bk. No. 6:11-bk-22231-WJ
)
) Chapter 13
MIREYA C. ZERMENO, )
) REPLY TO DEBTOR'S RESPONSE TO
) MOTION FOR ORDER TO
) TERMINATE, ANNUL, MODIFY, OR
) CONDITION THE CO-DEBTOR STAY
Debtor. )
)
) Hearing-
) Date:   July 13, 2011
) Time:   10:30 a.m.
) Place:  Courtroom 303
) Floor:  Third Floor

CLAREMONT 1ST STREET INVESTORS, its assignees and/or successors in interest, Movant in the above entitled Bankruptcy proceeding, submits the following Reply to the Debtor's Response to Motion for Order to Terminate, Annul, Modify, or Condition the Co-Debtor Stay.

On June 16, 2011, the Movant filed a Motion for Relief from the Co-Debtor Automatic Stay Under 11 U.S.C. § 1301. Debtor, <u>not</u> the co-debtor Jesus Vargas, subsequently filed a Response to Motion for Order to Terminate, Annul, Modify, or Condition the Co-Debtor Automatic Stay Under 11 U.S.C. § 1301 and Declaration(s) in Support (hereinafter "Response") on June 29, 2011.

## I. DEBTOR'S SECTION 1301(c)(1) ARGUMENT FAILED TO SHOW MOVANT IS NOT ENTITLED TO RELIEF

In the Debtor's Response and her Declaration in support thereof, the Debtor maintains that relief from the co-debtor stay should not be granted because the consideration which serves as the basis for the Movant's claim was received by both the Co-Debtor Jesus Vargas and the Debtor, not exclusively by the Co-Debtor. In her Memorandum of Points and Authorities, the Debtor's counsel argues that "Section 1301(c)(1) provides that the court may grant a creditor relief from the co-debtor stay of Section 1301(a) <u>only</u> if:

> as between the Debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor."
> (Emphasis in original).

Although the Debtor added the word "only" in order to attempt to persuade the Court that it may only grant relief from the co-debtor stay if § 1301(c)(1) is satisfied, section 1301(c) does not contain the word "only" or any synonym of the word. Section 1301(c) simply provides:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that-
> "(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> (2) the plan filed by the debtor proposes not to pay such claim; **OR**
> (3) such creditor's interest would be irreparably harmed by continuation of such stay."

11 U.S.C. § 1301(c) (2010) (emphasis added).

Sections 1301(c)(1), (c)(2) and (c)(3) serve as independent grounds for relief from the co-debtor stay as evidenced by the word "or" in the statute. This is also supported by <u>In re Rhodes</u>, where the court held that "subparagraphs (1), (2) and (3) of Section 1301(c) *are to be read in the alternative* so that the creditor need only prove the elements of one subparagraph to be entitled to relief from the stay." 69 B.R. 64, 65 (citing <u>In re Lamoreaux</u>, 69 B.R. 301 (Bankr.M.D.Fla. 1987)) (emphasis added). Therefore, it is not necessary for Movant to satisfy § 1301(c)(1) in order to be entitled for relief from the co-debtor stay.

///

///

## II. MOVANT IS ENTITLED TO RELIEF FROM CO-DEBTOR STAY UNDER SECTION 1301(c)(2)

Even if this Court finds that relief from the co-debtor stay cannot be granted under § 1301(c)(1), the Movant is entitled for relief from co-Debtor stay under § 1301(c)(2). The Debtor did not address subsection 1301(c)(2) in her Response or her Declaration.

Under subsection 1301(c)(2), the "court *must grant relief* to the extent that the debtor does not propose to pay, under the plan, *the amount owed* to the creditor." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 426 (1977) (quoted in In re Jacobson, 20 B.R. 648, 650 (9th Cir. BAP 1982)) (emphasis added). As evidence by the Debtor's Plan (attached as Exhibit "C" to the Motion), the Debtor does not propose to pay the Movant's claim in full. Alternatively, the plan proposes to strip the lien *entirely*, which clearly entitles the Movant for relief from the co-debtor stay. *See* In re Nickles, No. 10-05033-MM 13 (Bankr. S.D.Cal. Oct. 8, 2010) (*citing* In re Jacobson, 20 B.R. 648, 650 (9th Cir. BAP 1982)) ("the stay insulating a co-debtor from suit shall be inoperative to the extent that 'the plan filed by the debtor proposes not to pay such claim'"). Therefore, the Movant is entitled for relief from co-debtor stay pursuant to subsection 1301(c)(2).

## III. MOVANT IS ENTITLED TO RELIEF FROM CO-DEBTOR STAY UNDER SECTION 1301(c)(3)

Additionally, the Movant is entitled to relief from the co-debtor stay under § 1301(c)(3), which provides that a court shall grant relief from co-debtor stay when a "creditor's interest would be irreparably harmed by continuation of such stay." 11 U.S.C. § 1301(c)(3) (2010). The Debtor also failed to address § 1301(c)(3) in her response, although it was one of the grounds for relief in the Movant's Motion for Relief from the Co-Debtor Stay.

Movant will clearly suffer irreparable harm if the stay remains and the Movant is unable to pursue co-debtor Jesus Vargas for satisfaction of the obligation for which he is an obligor. The Debtor and Co-Debtor have not made payments since March, 2010. As of April 14, 2011, the amount in default was **$7,619.73**, representing the March 15, 2010 through and including March 15, 2011 regular monthly payments, late charges, and other fees and costs, as set forth in Secured Creditor's Proof of Claim (attached as Exhibit "F" to the Motion) totaling **$33,257.76**. The

Movant has already suffered substantial financial harm as a result of the Debtor and Co-Debtor's failure to fulfill their obligations under the loan. Moreover, the Debtor's proposal to strip the lien entirely would result in the Movant receiving only part of its claim, clearly an irreparable harm that the Movant would have to suffer. Further, Debtor's Declarations makes clear that Debtor does not oppose Movant from proceeding against Jesus Vargas personally; hence, there is no reason to delay Movant's efforts sixty (60) months while the bankruptcy is pending. Therefore, the Movant is also entitled for relief from the Co-Debtor stay under § 1301(c)(3).

## IV. CONCLUSION

Debtor has failed to state a defense to Movant's Motion for Relief from the Co-Debtor Stay. Movant met its burden under 11 U.S.C. §1301(c) to justify mandatory relief. The facts supporting Movant's position are not and never were in dispute. The Debtor's Plan does not propose to pay the full amount owed to the creditor, as it proposes to strip the Movant's lien entirely. Additionally, it is clear that the Movant's interest would be irreparably harmed by the continuation of the co-debtor stay. Although the Movant need only prove one subparagraph under § 1301(c), the Movant has shown that it is entitled to relief from the co-debtor stay under both paragraphs (2) and (3) of § 1301(c).

Accordingly, Movant respectfully requests that this Court grant the Motion for Relief From Co-Debtor Stay, allowing Movant, and any successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies against Co-Debtor Jesus Vargas.

DATED: July 5, 2011        EDWARD G. SCHLOSS

By _____

EDWARD G. SCHLOSS
Attorney for Movant

# PROOF OF SERVICE

I, REYNALDO DEL PILAR, certify that:

I am a resident of Los Angeles, County, I am over the age of 18 and not a party to the within action; my business address is 3637 Motor Avenue, Suite 220, Los Angeles, California 90034.

On July 5, 2011, I served the within REPLY TO DEBTOR'S RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE CO-DEBTOR STAY on interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at Los Angeles, California addressed as follows:

| | |
|---|---|
| DEBTOR:<br>MIREYA C. ZERMENO<br>68175 MARINA ROAD<br>CATHEDRAL CITY, CA 92234<br><br>*(OVERNIGHT MAIL)* | TRUSTEE:<br>ROD (WJ) DANIELSON (TR)<br>4361 LATHAM STREET, SUITE 270<br>RIVERSIDE, CA 92501<br><br>*(ALSO VIA EMAIL)* |
| CO-DEBTOR:<br>JESUS VARGAS<br>68175 MARINA ROAD<br>CATHEDRAL CITY, CA 92234<br><br>*(OVERNIGHT MAIL)* | HONORABLE WAYNE JOHNSON<br>US BANKRUPTCY COURT<br>3420 TWELFTH STREET, SUITE 345<br>RIVERSIDE, CA 92501-3819<br><br>*(OVERNIGHT MAIL)* |
| U.S. TRUSTEE:<br>UNITED STATES TRUSTEE (RS)<br>3685 MAIN STREET, SUITE 300<br>RIVERSIDE, CA 92501<br><br>*(ALSO VIA E-MAIL)* | ATTORNEY FOR DEBTOR:<br>DANIEL C. SEVER<br>41750 RANCHO LAS PALMAS, SUITE N-2<br>RANCHO MIRAGE, CA 92270<br><br>*(ALSO VIA E-MAIL AND FAX)* |

I declare that I am employed in the office of a member of the bar at whose direction the service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2011, at Los Angeles, California.

_____
REYNALDO DEL PILAR

\\Schloss2003\law files\OPP\REPLYopptomotforrelief.zermeno.wpd